**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| WIRELESS SWITCH IP, LLC.,<br><br>Plaintiff,<br><br>v.<br>LENOVO GROUP, LTD.; LENOVO (UNITED STATES) INC. and LENOVO HOLDING COMPANY<br><br>Defendants. | Civil Action No. 6:17-cv-140<br><br>**JURY TRIAL DEMANDED** |

**WIRELESS SWITCH IP, LLC.'S COMPLAINT FOR PATENT INFRINGEMENT**

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Wireless Switch IP, LLC ("Wireless Switch IP"), by and through the undersigned counsel, hereby brings this action and makes the following allegations of patent infringement relating to U.S. Patent Nos. 7,356,351 (the "'351 Patent") and 7,647,070 (the "'070 Patent") against Defendants Lenovo Group, Ltd., Lenovo (United States) Inc. and Lenovo Holding Company, Inc. (collectively "Lenovo"), and alleges as follows upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1. This is an action for patent infringement. Wireless Switch IP alleges that Lenovo infringes U.S. Patent Nos. 7,356,351 and 7,647,070 (collectively "the Wireless Switch IP Patents").

2. Wireless Switch IP alleges that Lenovo directly and indirectly infringes the Wireless Switch IP Patents by making, using, offering for sale, and selling its G555 laptop ("G555") and other Wi-Fi enabled laptops, tablets and smartphones and inducing and contributing to the infringement of others. Wireless Switch IP seeks damages and other relief for Lenovo's infringement of the Wireless Switch IP Patents.

## THE PARTIES

3. Plaintiff Wireless Switch IP is a Texas limited liability company with its principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75201.

4. Upon information and belief, Defendant Lenovo Group, Ltd. owns and controls, directly and/or indirectly, Lenovo (United States) Inc., and Lenovo Holding Company, Inc.

5. Upon information and belief, Defendant Lenovo (United States) Inc. is a Delaware corporation with its principal place of business at 1009 Think Place, Morrisville, North

Carolina 27560. Lenovo (United States) Inc. may be served via its registered agent, CT Corporation System, 818 W 7th St. Suite 930, Los Angeles, CA 90017.

6. Lenovo Holding Company, Inc. is a Delaware corporation with its principal place of business at 1009 Think Place, Morrisville, North Carolina 27560. Lenovo Holding Company, Inc. may be served via its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

7. According to Lenovo's website, Lenovo offers infringing products for sale and use throughout the United States, including in the Eastern District of Texas. In addition, Lenovo advertises its infringing products throughout the Eastern District of Texas, including on websites Amazon.com and Walmart.com, and claims financial benefits through conducting its business in Texas.

## JURISDICTION AND VENUE

8. This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 et. seq. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

9. This Court has both general and specific personal jurisdiction over Lenovo because Lenovo has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Lenovo would not offend traditional notions of fair play and substantial justice. Lenovo directly and through subsidiaries and intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, making, using, testing, selling, importing, and/or offering for sale products that infringe the Wireless Switch IP Patents.

10. Venue is proper in this district and division under 28 U.S.C. §§1391(b)-(d) and 1400(b) because Lenovo has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.

**COUNT 1: INFRINGEMENT OF THE '351 PATENT**

11. The allegations of paragraphs 1-10 of this Complaint are incorporated by reference as though fully set forth herein.

12. Wireless Switch IP owns by assignment the entire right, title, and interest in the '351 Patent.

13. The '351 Patent was issued by the United States Patent and Trademark Office on April 8, 2008 and is titled "Method and Apparatus For Disabling The RF Functionality Of A Multi-Function Wireless Communication Device While Maintaining Local Functionality." A true and correct copy of the '351 Patent is attached hereto as Exhibit A.

14. Pursuant to 35 U.S.C. § 282, the '351 Patent is presumed valid.

15. A person of ordinary skill in the art reading the '351 Patent would understand that the patent's disclosure and claims are rooted in complex computer-implemented operations that require complex computer hardware and software technologies that can be used to overcome the problem of how to allow a user of a device to access the various types of local functionality even while the communication functionality of that device is disabled. By way of example, such complex technology can comprise, among other things, first and second power supplies, a computing unit, a radio communication unit, and a switch implemented in hardware or software or both that selectively couples the radio communication unit to the second power supply to provide first and second modes of operation.

16. Upon information and belief, Lenovo has directly infringed at least Claim 1 of the '351 Patent in violation of 35 U.S.C. § 271 *et seq*., by making, using, testing, selling, importing, and/or offering for sale without authority its G555 in the exemplary manner described below:

A. The G555 is an integrated mobile device that provides local functionality, such as word processing and wireless communication functionality.

B. The G555 contains a first power supply (e.g., the power supply circuitry that provides electrical power to the AMD Dual-Core central processing unit and related circuitry of the G555).

C. The G555 contains a computing unit (e.g., the AMD Dual-Core central processing unit and related circuitry of the G555) coupled to the first power supply.

D. The G555 contains a second power supply (e.g., the power supply circuitry that provides electrical power to the wireless LAN module of the G555).

E. The G555 contains a radio communication unit (e.g., the wireless LAN module of the G555) coupled to the second power supply; and

F. The G555 contains a switch coupled to the second power supply and adapted to selectively couple the radio communication unit to the second power supply in order to provide the first and second modes of operation, wherein the first mode of operation enables the computing unit and the radio communication unit and the second mode of operation disables the radio communication unit and enables the computing unit. For example, the wireless device switch and Hotkey <Fn> + <F5> can be used to actuate the switch in order to enable and

disable the wireless LAN module by connecting and disconnecting it from the second power supply while enabling the computing unit.

**Enabling wireless connection**

To enable wireless communications, do the following:

1 Slide the integrated wireless device switch to .

2 Press **Fn + F5** to make configuration.

**Hardware connection**




Lenovo G455/G555 User Guide at p. 21.

17. Lenovo has thus infringed, and continues to infringe, at least Claim 1 of the ’351 Patent by making, using, testing, selling, importing, and/or offering for sale the G555 and other Wi-Fi enabled laptops, tablets and smartphones, including within this District.

18. Lenovo’s acts of direct infringement have caused, and continue to cause, damage to Wireless Switch IP, and Wireless Switch IP is entitled to recover from damages sustained as a result of Lenovo’s wrongful acts in an amount subject to proof at trial. The infringement of Wireless Switch IP’s exclusive rights under the ’351 Patent has damaged and will continue to damage Wireless Switch IP.

**COUNT 2: INFRINGEMENT OF THE ’070 PATENT**

19. The allegations of paragraphs 1-17 of this Complaint are incorporated by reference as though fully set forth herein.

20. Wireless Switch IP owns by assignment the entire right, title, and interest in the ’070 Patent.

21. The ’070 Patent was issued by the United States Patent and Trademark Office on January 12, 2010 and is titled “Method and Apparatus For Disabling the RF Functionality Of A Multi-Function Wireless Communication Device While Maintaining Access To Local Functionality.” A true and correct copy of the ’070 Patent is attached hereto as Exhibit B.

22. Pursuant to 35 U.S.C. § 282, the ’070 Patent is presumed valid.

23. A person of ordinary skill in the art reading the ’070 Patent would understand that the patent’s disclosure and claims are rooted in complex computer-implemented operations that require complex computer hardware and software technologies that can be used to overcome the problem of how to allow a user of a device to access the various types of local functionality even while the communication functionality of that device is disabled. By way of example, such complex technology can comprise, among other things, a switch implemented in hardware or software or both.

24. Upon information and belief, Lenovo has directly infringed at least Claim 1 of the ’070 Patent in violation of 35 U.S.C. § 271 *et seq*., by making, using, testing, selling, importing, and/or offering for sale in the United States without authority its G555 in the exemplary manner described below:

A. The G555 is a communication device adapted to transmit and receive information over a radio frequency communication link.

B. The G555 contains a first power supply (e.g., the power supply circuitry that provides electrical power to the AMD Dual-Core central processing unit and related circuitry of the G555).

C. The G555 contains a computing unit coupled to the first power supply (e.g., the AMD Dual-Core central processing unit and related circuitry of the G555).

D. The G555 contains a second power supply (e.g., the power supply circuitry that provides electrical power to the wireless LAN module of the G555).

E. The G555 contains a radio communication unit coupled to the second power supply (e.g., the wireless LAN module of the G555).

G. The G555 contains a switch adapted to selectively couple the radio communication unit to the second power supply to provide first and second modes of operation, wherein the first mode of operation enables the computing unit and the radio communication unit, and the second mode of operation disables the radio communication unit and enables the computing unit. For example, the wireless device switch and Hotkey <Fn> + <F5> can be used to actuate the switch in order to enable and disable the wireless LAN module by connecting and disconnecting it from the second power supply while enabling the computing unit.

**Enabling wireless connection**

To enable wireless communications, do the following:

1 Slide the integrated wireless device switch to .

2 Press **Fn** + **F5** to make configuration.

**Hardware connection**




Lenovo G455/G555 User Guide at p. 21.

25. Lenovo has thus infringed, and continues to infringe, at least Claim 1 of the ’070

Patent by making, using, testing, selling, importing, and/or offering for sale the G555 and other Wi-Fi enabled laptops, tablets and smartphones, including within this District.

26. Lenovo's customers have been and are now infringing, including under 35 U.S.C. §271(a), at least Claim 1 of the '070 Patent by using the G555 and other Wi-Fi enabled laptops, tablets and smartphones.

27. Lenovo has by no later than the filing of this Complaint, known or been willfully blind to the fact that such acts by its customers of using the G555 and other Wi-Fi enabled laptops, tablets and smartphones infringe at least Claim 1 of the '070 Patent.

28. Lenovo's knowledge of the '070 Patent, which covers using G555 and other Wi-Fi enabled laptops, tablets and smartphones in their intended manner and such that all limitations of at least Claim 1 of the '070 Patent are met, made it known to Lenovo that its customers' use of the G555 and other Wi-Fi enabled laptops, tablets and smartphones would directly infringe the '070 Patent, or, at the very least, rendered Lenovo willfully blind to such infringement.

29. Having known or been willfully blind to the fact that its customers' use of the G555 and other Wi-Fi enabled laptops, tablets and smartphones in their intended manner and such that all limitations of at least Claims 1 and 32 of the '070 Patent are met would directly infringe the '070 Patent, Lenovo, upon information and belief, actively encouraged and continues to actively encourage its customers to directly infringe the '070 Patent by using, selling, offering to sell, or importing the G555 and other Wi-Fi enabled laptops, tablets and smartphones, and, by, for example, marketing the G555 and other Wi-Fi enabled laptops, tablets and smartphones to customers; working with its customers to use and operate the G555 and other Wi-Fi enabled laptops, tablets and smartphones; fully supporting and managing its customers' continued use of the G555 and other Wi-Fi enabled laptops, tablets and smartphones; and

providing technical assistance to customers during their continued use of the G555 and other Wi-Fi enabled laptops, tablets and smartphones. *See*, *e.g.*, Lenovo G455/G555 User Guide describing how to actuate the switch using wireless device switch and Hotkey <Fn> + <F5> to enable and disable the wireless LAN module by connecting and disconnecting it from the second power supply while enabling the computing unit.

**Enabling wireless connection**

To enable wireless communications, do the following:

1 Slide the integrated wireless device switch to .

2 Press **Fn + F5** to make configuration.

**Hardware connection**




Lenovo G455/G555 User Guide at p. 21.

30. Lenovo induces its customers to infringe at least Claims 1 and 32 of the ’070 Patent at least by encouraging them to operate the G555 and other Wi-Fi enabled laptops, tablets and smartphones, which, alone or in combination with the users’ other devices, satisfy all the limitations of at least Claims 1 and 32 of the ’070 Patent. *See*, *e.g.*, Lenovo G455/G555 User Guide describing how to actuate the switch using wireless device switch and Hotkey <Fn> + <F5> to enable and disable the wireless LAN module by connecting and disconnecting it from the second power supply while enabling the computing unit.

**Enabling wireless connection**

To enable wireless communications, do the following:

1 Slide the integrated wireless device switch to .

2 Press **Fn** + **F5** to make configuration.

**Hardware connection**




Lenovo G455/G555 User Guide at p. 21.

31. Thus, Lenovo has specifically intended to induce, and has induced, its customers to infringe at least Claims 1 and 32 of the ’070 Patent, and Lenovo has known of or been willfully blind to such infringement. Lenovo has advised, encouraged, and/or aided its customers to engage in direct infringement, including through its encouragement, advice and assistance to customers to use the G555 and other Wi-Fi enabled laptops, tablets and smartphones.

32. Based on, among other things, the foregoing facts, Lenovo has induced, and continues to induce, infringement under 35 U.S.C. § 271(b) of at least Claims 1 and 32 of the ’070 Patent.

33. Further, Lenovo sells the G555 and other Wi-Fi enabled laptops, tablets and smartphones that are especially made and adapted—and specifically intended by Lenovo —to be used as components and material parts of the inventions covered by the ’070 Patent.

34. Upon information and belief, Lenovo also knew that the G555 and other Wi-Fi enabled laptops, tablets and smartphones operate in a manner that satisfy all limitations of at least Claim 1 of the ’070 Patent.

35. The wireless switch functionality and related wireless switch circuitry in the G555

and other Wi-Fi enabled laptops, tablets and smartphones is specially made and adapted to infringe at least Claim 1 of the ’070 Patent. Upon information and belief, the wireless switch functionality and related wireless switch circuitry functionality in the G555 and other Wi-Fi enabled laptops, tablets and smartphones is not a staple article or commodity of commerce, and, because the functionality is designed to work with the G555 and other Wi-Fi enabled laptops, tablets and smartphones solely in a manner that is covered by at least claim 1 of the ’070 Patent, it does not have a substantial non-infringing use. By no later than the filing of this Complaint, based on the forgoing facts, Lenovo has known or been willfully blind to the fact that such functionality is especially made and adapted for—and is in fact used in—the G555 and other Wi-Fi enabled laptops, tablets and smartphones in a manner that is covered by the ’070 Patent.

36. Based on, among other things, the foregoing facts, Lenovo has contributorily infringed, and continues to contributorily infringe, at least Claim 1 of the ’070 Patent under 35 U.S.C. § 271(c).

37. Lenovo’s acts of direct and indirect infringement have caused, and continue to cause, damage to Wireless Switch IP, and Wireless Switch IP is entitled to recover from damages sustained as a result of Lenovo’s wrongful acts in an amount subject to proof at trial. The infringement of Wireless Switch IP’s exclusive rights under the ’070 Patent has damaged and will continue to damage Wireless Switch IP.

## PRAYER FOR RELIEF

WHEREFORE, Wireless Switch IP prays for the following relief:

A. A judgment that Lenovo has infringed one or more claims of the ’351 Patent literally and/or under the doctrine of equivalents directly;

B. A judgment that Lenovo has infringed one or more claims of the ’070 Patent literally and/or under the doctrine of equivalents directly and/or indirectly by inducing infringement and/or by contributory infringement;

C. That for each Wireless Switch IP Patent this Court judges infringed by Lenovo, this Court award Wireless Switch IP its damages pursuant to 35 U.S.C. § 284 and any royalties determined to be appropriate;

D. That this be determined to be an exceptional case under 35 U.S.C. § 285;

E. That this Court award Wireless Switch IP prejudgment and post-judgment interest on its damages;

F. That Wireless Switch IP be granted its reasonable attorneys’ fees in this action;

G. That this Court award Wireless Switch IP its costs; and

H. That this Court award Wireless Switch IP such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Wireless Switch IP demands a trial by jury for all issues so triable.

Dated: March 3, 2017

*/s/ Margaret Elizabeth Day*

Margaret Elizabeth Day
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: (650) 618.4360
Facsimile: (650) 618.4368
eday@feinday.com

*/s/ L. Charles van Cleef*
L. Charles van Cleef
Attorney
PO Drawer 2432
Longview, TX 75606
Telephone: (903) 248.8244
Facsimile: (903) 720.0140
Charles@vancleef.pro

*Attorneys for Plaintiff Wireless Switch IP.*