Fred I. Williams (Tx. Bar No. 00794855)
(admitted *pro hac vice*)
fwilliams@velaw.com
Michael Simons (Tx. Bar No. 24008042)
(*pro hac vice* application forthcoming)
msimons@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
512.542.8400 Telephone
512.542.8610 Facsimile

Eric J. Klein (Tx. Bar No. 24041258)
(admitted *pro hac vice*)
eklein@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201
214.220.7700 Telephone
214.220.7716 Facsimile

Wendy Wang (SBN 289325)
wwang@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
415.979.6900 Telephone
415.651.8786 Facsimile

*Attorneys for Defendants*
LENOVO (UNITED STATES) INC. and
LENOVO HOLDING COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WIRELESS SWITCH, IP, LLC,

Plaintiff,

v.

LENOVO (UNITED STATES) INC., and
LENOVO HOLDING COMPANY, INC.

Defendants.

Case No.: 4:17-cv-03626-DMR

**LENOVO (UNITED STATES) INC. AND LENOVO HOLDING COMPANY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Lenovo (United States) Inc., and Lenovo Holding Company, Inc., (together "Lenovo") hereby file their Answer to Plaintiff Wireless Switch, IP, LLC's ("WSIP") First Amended Complaint ("Complaint") filed on June 9, 2017.

## NATURE OF THE ACTION

1. Lenovo admits that WSIP's Complaint purports to bring an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

2. Lenovo denies the viability of WSIP's claims, denies that it infringes, and denies that WSIP is entitled to damages or any other relief.

## THE PARTIES

3. Lenovo is without sufficient information to admit or deny the allegations of paragraph 3, and therefore denies them.

4. Admitted.

5. Admitted.

6. Lenovo admits that Mr. Cranor submitted a declaration in this matter. The contents of that declaration speak for themselves. Lenovo denies that the two Defendants entities in this case are interchangeable. Lenovo denies the remaining allegations of paragraph 6.

7. Lenovo admits that Lenovo sells certain products online, and that its websites may be accessible from the Eastern District of Texas. Lenovo denies the remining allegations of paragraph 7.

## JURISDICTION AND VENUE

8. Lenovo admits that this case arises under the patent laws of the United States, and that this Court has subject matter jurisdiction over patent law claims.

9. Lenovo admits that Lenovo sells and offers to sell products and services in the United States. Lenovo does not contest that, for purposes of this case only, this Court has personal jurisdiction over Lenovo (United States), Inc. Lenovo denies the remaining allegations of paragraph 9.

10. Lenovo does not contest that venue is proper in the Northern District of California. Lenovo denies the remaining allegations of paragraph 10.

**COUNT 1: INFRINGEMENT OF THE ’351 PATENT**

11. Lenovo restates and incorporates by reference its responses set forth in paragraphs 1-10 above.

12. Lenovo is without sufficient information to admit or deny the allegations of paragraph 12, and therefore denies them.

13. Lenovo admits that U.S. Patent No. 7,356,351 (the "’351 patent") is entitled, "Method and Apparatus for Disabling the RF Functionality of a Multi-Function Wireless Communication Device While Maintaining Local Functionality" and that the ’351 patent appears to have issued on April 8, 2008. Exhibit 1 appears to be a copy of the ’351 patent. Lenovo lacks sufficient information to admit or deny the remaining allegations of paragraph 13, and therefore denies them.

14. Lenovo admits that the patent laws of the United States include a presumption of validity for issued patents.

15. Lenovo is without sufficient information to admit or deny the allegations of paragraph 15, and therefore denies them.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Lenovo admits that is has sold or offered for sale laptops and smartphones in the six years prior to the filing of this lawsuit. Lenovo denies the remaining allegations of paragraph 20.

21. Denied.

**COUNT 2: INFRINGEMENT OF THE ’070 PATENT**

22. Lenovo restates and incorporates by reference its responses set forth in paragraphs 1-21 above.

23. Lenovo is without sufficient information to admit or deny the allegations of paragraph 23, and therefore denies them.

24. Lenovo admits that U.S. Patent No. 7,647,070 (the "'070 patent") is entitled, "Method and Apparatus for Disabling the RF Functionality of a Multi-Function Wireless Communication Device While Maintaining Local Functionality" and that the '070 patent appears to have issued on January 12, 2010. Exhibit 1 appears to be a copy of the '070 patent. Lenovo lacks sufficient information to admit or deny the remaining allegations of paragraph 24, and therefore denies them.

25. Lenovo admits that the patent laws of the United States include a presumption of validity for issued patents.

26. Lenovo is without sufficient information to admit or deny the allegations of paragraph 26, and therefore denies them.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Lenovo admits that is has sold or offered for sale laptops and smartphones in the six years prior to the filing of this lawsuit. Lenovo denies the remaining allegations of paragraph 48.

49. Denied.

## PRAYER FOR RELIEF

This paragraph responds to the statement of relief requested by Plaintiff to which no response is required. Lenovo denies that Plaintiff is entitled to any of the requested relief and denies all allegations of infringement.

## DEFENSES

Subject to the responses above, Lenovo alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed defenses by law, regardless of how such defenses are denominated herein.

## FIRST DEFENSE
**(Non-Infringement)**

Lenovo does not infringe and has not infringed (not directly, indirectly, contributorily, by inducement, willfully, or otherwise) any valid, enforceable claim of the ’351 and ’070 patents either literally or under the doctrine of equivalents.

## SECOND DEFENSE
**(Invalidity)**

The claims of the ’351 and ’070 patents are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 et seq., including sections 101, 102, 103, and 112 and/or judicial decisions and/or the applicable provisions of Title 37 of the Code of Federal Regulation.

**THIRD DEFENSE**
**(Waiver, Laches, Limitations, Estoppel)**

The claims of the ’351 and ’070 patents are unenforceable as asserted, in whole or in part, by the doctrines of waiver, laches, limitations, and/or estoppel.

**FOURTH DEFENSE**
**(Limitation on Damages)**

WSIP’s requested relief is barred or otherwise limited pursuant to 35 U.S.C. § 286 and 288, as well as any judicial doctrine limiting damages or other relief.

**FIFTH DEFENSE**
**(Limitation on Costs)**

WSIP’s requested relief is barred or otherwise limited pursuant to 35 U.S.C. § 288.

**SIXTH DEFENSE**
**(Failure to State a Claim)**

WSIP fails to state a claim upon which relief can be granted.

**SEVENTH DEFENSE**
**(Reservation of Rights)**

Lenovo has insufficient knowledge or information to form a belief as to whether it may have yet unstated and separate additional defenses available. Lenovo reserves the right to amend this Answer to add, delete, or modify defenses based on legal theories which may or will be divulged through clarification of WSIP’s claims, through discovery, or through further legal analysis of WSIP’s claims and positions in this litigation.

**PRAYER FOR RELIEF**

Lenovo respectfully prays for the following relief:

a. A judgment dismissing WSIP’s Complaint against Lenovo with prejudice;

b. A judgment in favor of Lenovo;

c. A judgment that Lenovo has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the ’351 or ’070 patent;

d. A judgment that the claims of the ’351 and ’070 patents are invalid and unenforceable;

e. An order that this case is exceptional and an award to Lenovo of its reasonable costs and expenses of litigation, including attorneys’ fees and expert witness fees;

f. A judgment limiting or barring WSIP’s ability to enforce the ’351 and ’070 patents in equity; and

g. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant Rule 38(b) of the Federal Rules of Civil Procedure, Lenovo demands a trial by jury for all issues so triable.

Dated: July 5, 2017

VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105

By: */s/ Wendy Wang*
Wendy Wang

*Attorneys for*
LENOVO (UNITED STATES) INC., and
LENOVO HOLDING COMPANY, INC.